# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROWDERICK P. WHITEHEAD, JR., <br><br>　　　　　　　　　　Plaintiff, <br>　　vs. <br> SELENE RMOF REO ACQUISITION II, LLC, <br><br>　　　　　　　　　　Defendant. | CASE NO. 10cv2034-WQH-JMA <br><br> ORDER |

HAYES, Judge:

　　The matter before the Court is the Motion for Leave to Proceed in Forma Pauperis ("Motion to Proceed IFP"). (ECF No. 2).

## BACKGROUND

　　On September 29, 2010, Plaintiff Rowderick P. Whitehead, Jr., a nonprisoner proceeding pro se, initiated this action by filing a Complaint and the Motion to Proceed IFP. (ECF No. 1, 2).

## ANALYSIS

### *Motion to Proceed IFP*

　　All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook,* 169 F.3d 1176, 1177 (9th Cir. 1999).

1    In an affidavit accompanying the Motion to Proceed IFP, Plaintiff states that he has not
2 been employed since 2008, he has no bank accounts, and he owns no assets of value, such as
3 real estate or a vehicle. Plaintiff states that his sole source of income is "gift from family $600
4 per month." (ECF No. 2 at 2). The Court has reviewed Plaintiff's affidavit and finds it is
5 sufficient to show that Plaintiff is unable to pay the fees required to maintain this action. The
6 Court grants the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

*Initial Screening*

8    After granting IFP status, the Court must dismiss the case sua sponte if the case "fails
9 to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun*
10 *v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

11    The standard used to evaluate whether a complaint should be dismissed is a liberal one,
12 particularly when the action has been filed pro se. *See Estelle v. Gamble*, 429 U.S. 97, 97
13 (1976). However, even a "liberal interpretation ... may not supply elements of the claim that
14 were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th
15 Cir. 1982); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("[P]ro se litigants are
16 bound by the rules of procedure."). Federal Rule of Civil Procedure 8 provides that "[a]
17 pleading that states a claim for relief must contain ... a short and plain statement of the claim
18 showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a). "[A] plaintiff's obligation
19 to provide the grounds of his entitlement to relief requires more than labels and conclusions,
20 and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v.*
21 *Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

22    The Complaint alleges that this action "involves real property located at ... 40008
23 Montage Lane, Murrieta, CA...." (ECF No. 1 at 1). The Complaint alleges that "[t]he Lenders
24 dishonored/failed to give full disclosure pursuant to Regulation Z of the Truth-in-Lending
25 Act," in the course of a loan transaction. *Id*. at 3. Plaintiff seeks rescission and damages.

26    The allegations of the Complaint are insufficient to put Defendant on notice of the
27 claims against it, as required by Rule 8 of the Federal Rules of Civil Procedure. The
28 Complaint does not identify the date of the loan transaction, the parties to the transaction, or

how the "Lenders" failed to comply with the Truth in Lending Act. The Complaint repeatedly references "rescission" and *Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003). (ECF No. 1 at 4, 10, 12). As discussed in *Yamamoto*, in order to prevail on a rescission claim pursuant to the Truth in Lending Act, a borrower is obligated to tender the property the borrower received from the creditor under the loan. *See* 15 U.S.C. § 1635(b); 12 C.F.R. §226.23(d); *see also Yamamoto*, 329 F.3d at 1171 (courts have the discretion to condition rescission upon the satisfaction of the tender requirement). Plaintiff stated in his affidavit submitted in support of the Motion for IFP that Plaintiff has no assets, savings, or income beyond a monthly gift of $600. The Complaint contains no allegations related to the tender requirement.

The Court finds that the Complaint fails to state a claim on which relief can be granted and must be dismissed.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to Proceed in Formal Pauperis is GRANTED. (ECF No. 2). The Complaint is DISMISSED without prejudice and the Clerk of the Court shall close this case. No later than THIRTY (30) DAYS from the date of this Order, Plaintiff may file an amended complaint, which shall be entitled, "First Amended Complaint," and which shall cure the deficiencies addressed in this Order. If Plaintiff does not file an amended complaint within thirty days, this case shall remain closed without further order of the Court.

DATED: November 16, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge